UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS CRENKO,                          )
                                        )
                    *Petitioner*        )
                                        )
        vs.                             )        CAUSE NO. 3:10-CV-370 RM
                                        )    (Arising out of 3:09-CR-124(01) RM)
UNITED STATES OF AMERICA,               )
                                        )
                    *Respondent*        )


OPINION and ORDER

On January 11, 2010, Thomas Crenko pleaded guilty to one count of being

an unlawful user of a controlled substance in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(3). He was sentenced on April 23, to a term of imprisonment

of twelve months and one day, to be followed by a two-year term of supervised

release, and was ordered to pay a special assessment of $100.00. The government

dismissed Count 2 of the indictment pursuant to the terms of the plea agreement.

Plea Agree., ¶ 9(j). Mr. Crenko is now before the court requesting that his

conviction and sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once

a motion is filed,

> The motion, together with all the files, records, transcripts, and
> correspondence relating to the judgment under attack, shall be
> examined promptly by the judge to whom it is assigned. If it plainly
> appears from the face of the motion and any annexed exhibits and
> the prior proceedings in the case that the movant is not entitled to
> relief in the district court, the judge shall make an order for its
> summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Mr. Crenko's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Crenko's plea agreement, signed by Mr. Crenko, his attorney William Stanley, and Assistant United States Attorney Jesse Barrett contains the following language in paragraph 9(d):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth my offense(s) as set forth in this pleas agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Crenko now challenges his conviction and sentence contending that possession of marijuana for personal use shouldn't be unlawful and that 18 U.S.C. § 922(g)(3) infringes his Second Amendment right to bear arms and is unconstitutional.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of

circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Mr. Crenko asserts none of those claims.

The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Crenko during the plea colloquy, and Mr. Crenko acknowledged that he understood. Mr. Crenko hasn't challenged his plea agreement or provided any legal support for his claim that possession of marijuana for personal use is lawful or that it can't be used as a predicate for restricting his right to possess firearms. McDonald v. City of Chicago, 130 S.Ct. 3020 (2010), doesn't suggest otherwise. Because Mr. Crenko's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Mr. Crenko isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 37] is SUMMARILY DISMISSED and his request to proceed *in forma pauperis* [Doc. No. 38] is DENIED as moot.

SO ORDERED.

ENTERED:    September 2, 2010

/s/ Robert L. Miller, Jr.

Judge
United States District Court

cc:    T. Crenko
        J. Barrett